```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
TYRONE FELDER,                                   :
                                                 :
                              Petitioner,        :
                                                 :
             -against-                           :
                                                 :
UNITED STATES OF AMERICA,                        :
                                                 :
                              Respondent.        :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/4/22

20-CV-7531 (VEC)
S2 14-CR-546 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 14, 2020, Petitioner filed a Section 2255 petition (the "Petition"), seeking to vacate, set aside, or correct his sentence on the grounds of: (1) ineffective assistance of trial and appellate counsel; (2) improper joinder of counts; (3) procedural unreasonableness of his sentence; and (4) insufficiency of the evidence to support his conviction, see Pet., Dkt. 667[1];

WHEREAS on August 10, 2021, the Court denied the Petition and declined to issue a certificate of appealability, see generally Opinion, Dkt. 694;

WHEREAS on October 29, 2021, Petitioner filed a motion for reconsideration of the Court's order pursuant to Federal Rules of Civil Procedure 52(b) and 59(e), see Not. of Mot., Dkt. 695; and

WHEREAS the Government opposes the motion, see generally Gov. Opp., Dkt. 701;

IT IS HEREBY ORDERED THAT Petitioner's motion for reconsideration is DENIED. A party may obtain relief on a motion for reconsideration "only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a

---

[1] All citations are to Docket 14-CR-546.

1

clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation omitted). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Here, Petitioner has pointed to no such decisions or data.[2]

Petitioner moves for reconsideration on three grounds: (1) the Court ignored the Government's misconduct in its evaluation of Petitioner's ineffective assistance of counsel claims, Pet. Mem., Dkt. 699 at 4–10; (2) the Court overlooked controlling law in determining whether Petitioner was a career offender at sentencing, *id.* at 10–11; and (3) the Court's denial of Petitioner's request for an evidentiary hearing relied on a misstatement of the relevant standard, *id.* at 11–15.

On the first point, it is unclear whether Petitioner is referring only to the Court's evaluation of his ineffective assistance of trial counsel claim, his ineffective assistance of appellate counsel claim, or both. For the sake of thoroughness, the Court has reevaluated its analysis of both claims. The Court found that both claims failed the two-prong test articulated in

---

[2] The Government argues that because Petitioner filed his motion after the 28-day window required under Federal Rules of Civil Procedure 52(b) and 59(e), the Court should construe Petitioner's motion as one for relief from judgment under Federal Rule of Civil Procedure 60(b). Gov. Opp. at 1 n.1. Petitioner contends that, due to delays in the prison mail system, he did not receive the Court's order until September 30, 2021, and that, therefore, his motion was timely. Pet. Reply, Dkt. 705 at 2–3. Although the clock runs from the date of entry of judgment, not the date of receipt, *see* Fed. R. Civ. P. 59(e), construing Petitioner's motion as a motion for relief from judgment under Rule 60(b) does not change the outcome of the Court's analysis. Rule 60(b) provides that a party may be relieved from a final judgment for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, the judgment being void, satisfaction of the judgment, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). The same strict standard for reconsideration applies to a motion brought under Rule 60(b). *See, e.g.*, *Levin v. Johnson & Johnson*, No. 16-CV-06631, 2022 WL 198501, at *2 (E.D.N.Y. Jan. 21, 2022) (applying *Shrader* standard to motion for reconsideration brought under Rule 60(b)).

2

*Strickland v. Washington*, 466 U.S. 668, 687–96 (1984): that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms *and* that Petitioner was prejudiced by that deficient performance. Opinion at 4–12. Petitioner claimed that his trial counsel provided constitutionally deficient assistance because he failed adequately to cross-examine Government witnesses at trial. *Id.* at 5. The Court found that the record showed trial counsel did, in fact, cross-examine many of the witnesses Petitioner mentioned and noted overwhelming precedent that decisions about whether to engage in cross-examination and how to do so are generally considered to be strategic decisions. *Id.* at 6. The Court also found that Petitioner had not demonstrated prejudice even if there had been a deficient performance by counsel. *Id.* at 6–7. With respect to his appellate counsel, Petitioner argued that the failure to appeal the district court's denial of Petitioner's pretrial motion to sever his case gave rise to an ineffective assistance claim. *Id.* at 7–8. The Court found that Petitioner had not overcome the presumption that appellate counsel acted strategically, and also found that, even if Petitioner had overcome that presumption, because the arguments Petitioner believed should have been raised would have been meritless, he could not demonstrate prejudice. *Id.* at 8–12.

Petitioner's ineffective assistance of counsel claims did not implicate potential Government misconduct, despite what his instant motion suggests. His original petition asserted that his trial attorneys failed to impeach Government witnesses, Pet. at 4, 13–17,[3] and that his appellate counsel did not raise on appeal arguments he thought should have been made, *id.* at 5–6. Although Petitioner argues in his reply that his original petition referred to prosecutorial misconduct throughout, *see* Pet. Reply, Dkt. 705 at 5, he has only moved the Court to reconsider its analysis of his ineffective assistance of counsel claims, which did not intertwine with other

---

[3]   Citations to the original Petition refer to the pagination of the PDF document, given the absence of uniform pagination throughout.

claims he raised, even if his Petition was sprinkled throughout with mentions of alleged misconduct. Therefore, the Court committed no error by evaluating his ineffective assistance claims based on the facts he raised when making those claims. In short, Petitioner has not demonstrated clear error or manifest injustice in the Court's Opinion. *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104.

With respect to the Court's determination that Petitioner was a career offender, Petitioner argues that the Court overlooked an Eleventh Circuit case. Pet. Mem. at 10–11 (citation omitted). Because case law from the Eleventh Circuit is not controlling on this Court, Petitioner's argument is without merit. But even if the cited case law were controlling (and even considering other cases cited in Petitioner's reply, *see* Pet. Reply at 3–5), Petitioner's argument is without merit. This claim, as the Court previously held, was procedurally defaulted because it was not raised on direct appeal. Opinion at 14. Despite the fact that the claim was procedurally defaulted, the Court still addressed Petitioner's argument and found that, based on controlling precedent, it was baseless; Petitioner relied on cases pertaining to statutes that are irrelevant to the definition of crimes of violence under the Sentencing Guidelines. *Id.* at 14–15. In his reply, Petitioner offers cases that suffer from the same irrelevance as those raised in his original Petition. None of the cases cited, *see* Pet. Reply at 3–5 (citing *Stokeling v. United States*, 139 S. Ct. 544 (2019); *United States v. Figueroa*, 530 F. Supp. 3d 437 (S.D.N.Y. 2021); *People v. Jurgins*, 26 N.Y.3d 607, 614 (N.Y. 2015)),[4] overturns clear Second Circuit precedent that New York second-degree robbery qualifies as crime of violence for purposes of the career offender analysis. Petitioner has not provided new data or controlling decisions that the Court

---

[4] In brief, *Stokeling* applies to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2), which was not at issue in Petitioner's case; *Figueroa* does the same; and *Jurgins* addressed a predicate conviction of "snatching" under a Washington, D.C. statute.

overlooked, and therefore he has not demonstrated clear error or manifest injustice with respect to the Court's analysis of this claim. *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104.

Finally, the Court did not refer to any standard for an evidentiary hearing when denying Petitioner's motion and therefore could not have misstated the standard, as Petitioner asserts. *See generally* Opinion, Dkt. 694.

For all of these reasons, the Court finds that Petitioner has not met the high burden of showing that its Opinion overlooked law or facts that stand to alter its conclusion. *Shrader*, 70 F.3d at 257. Petitioner's motion is therefore denied.

IT IS FURTHER ORDERED that the Court declines to issue a certificate of appealability, as Petitioner has not made a substantial showing of a denial of a constitutional right. *See Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed *in forma pauperis* is therefore denied.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to close the open motion at Docket Entry 695 in Case Number 14-CR-546 and Docket Entry 9 in Case Number 20-CV-07531. The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner.

**SO ORDERED.**

Date: **February 4, 2022**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**